Good morning, Janet Mahoney on behalf of the people of the state of Illinois. I'm sorry, I forgot that part. Just the standard 15 reserving a few minutes for rebuttal. And I believe mine will be 15 also. Okay, thank you very much. Sorry, I forgot that. Okay, that's okay. Good morning, and may it please the court. Again, Jennifer Bontrager for Earl Kelly. There are three issues in this second stage post-conviction appeal, and I am prepared to argue any or all of them, discuss any or all of them with your honors this morning. Those issues include the denial of Kelly's counsel of choice at his trial, the constitutional violations stemming from former Judge Golnowitz gaining and maintaining his seat on the bench by fraud, and the unreasonable assistance provided by post-conviction counsels who allowed Kelly's petition to languish in the trial court for 12 years, during which they utterly failed to shape Kelly's claims into proper legal form. I can start with whichever of the issues your honors are most interested in, or if your honors have no preference, I'll start at the beginning. On trial for his life, and represented by the Public Defender's Office, Earl Kelly hired a private attorney, Alexander Salerno, to represent him. On a day on which the case was set to go to trial, but I would note a day on which the Assistant Public Defender representing Kelly was not prepared to go to trial, that private attorney attempted to appear on Mr. Kelly's behalf. The trial judge refused to allow him to do so, even though he requested only a continuance of one month, and the case went to trial that day. Despite the fact that a court may deny a defendant's counsel of his choosing only upon a finding that the request is being made to thwart the administration of justice, and given that in the trial judge aware the public defender was not prepared? That is not clear on the record. Unfortunately, It's not clear on the record. I'm sorry? If it's not clear on the record, is it your responsibility to make sure it's clear? Well, the Assistant Public Defender herself has provided an affidavit to Mr. Kelly stating that she was not ready to go to trial, and that she had planned on requesting a continuance, and that after the judge refused to allow the private attorney to appear because he wanted that continuance, she then did not request that continuance. She does state in her affidavit that she was not prepared to go to trial, she had not investigated the case properly, and that she went to the scene with Mr. Kelly after the first day of trial was already over. Did she tell the trial judge she was not prepared to go to trial? No. To my knowledge, no. Unfortunately, appellate counsel did not create, did not obtain the transcripts from that day, so those were not part of the record on appeal. So appellate counsel was dealing with, and failed in her duty to create a complete record for appeal, so we don't know precisely what was said. But we must take, this is a second stage proceeding, and we must take as true the Assistant Public Defender's affirmance in her affidavit stating that she was not prepared to go to trial that day, and that, more importantly, this private attorney attempted to appear on Mr. Kelly's behalf and was not allowed to do so. If the trial judge was unaware of her status, what consequence does that have? It makes no difference, Your Honor. The crux of the problem here is that a private attorney arrived, was ready, willing, and able to represent Mr. Kelly. He asked for a short one-month continuance, and that was denied. Do you know how many times this matter had been set for trial at the point that Mr. Salerno asked to substitute in? It was set for trial that day, and I believe it was set for trial once previously as well. But a one-month continuance is a short amount of time, and a mere inconvenience to the court or to the parties is simply not enough to deny a defendant counsel of his choice. Was it set for trial only once before? I believe so. I could be mistaken. I apologize if I'm mistaken. I believe it was only once before. In any event, the crux of the problem is that without a specific finding that the defendant was attempting to thwart the administration of justice, a mere inconvenience, a continuance of one month, is not enough reason to deny a defendant counsel of his choosing. And the refusal to do so is structural error and appellate counsel's failure to raise this issue on direct appeal, especially given that we must take as true the evidence supporting Mr. Kelly's petition. His petition has made a substantial showing of a deprivation of his right to the effective assistance of counsel on appeal. Are there any other questions on that issue? Now, I'll move on to the next issue. Kelly's trial itself was tainted, as the individual purporting to preside over that trial was not constitutionally qualified to act as a judge. He had gained his seat by fraud. What's the remedy for that? Well, we argued this in two parts. One, we argued that Mr. Kelly, his post-conviction petition, made a substantial showing of a deprivation of his right to trial before a properly constituted tribunal. Was the judge sworn in? He was sworn as a judge, but he lacked a constitutional qualification to be a judge. So the State's argument that he was a State de facto judge has no merit? The de facto judge doctrine should not validate his actions in this case. The crux, I'm sorry? It went before the Courts Commission. What did they do? They removed Goldman from the bench. They what? They removed him from the bench. They stripped him. They removed him. They didn't say he was unqualified. They did say he was unqualified to be a judge. They said he lacked. They caught him for violation of Code of Judicial Conduct, didn't they? There were several reasons. There's only one thing they can do. If they comply with the Code of Judicial Conduct. If it's anything else, I don't think they have jurisdiction, do they? I simply don't know the answer to that, Your Honor. I do know that he was removed from the bench, and given that residents within They removed him, but they didn't say he was de facto, not a judge. They didn't say all the cases should be reversed, because I don't think they can. They can remove him for a violation, and that's what the Courts Commission said. They removed him for violation of judicial candidates. I believe they also discussed, though, his fraud, given that he lied on his candidacy. Because it was one of the reasons they found him violating Rule 61, 62A, 67A, 3A, 67A, 3D, small 2. They didn't say, per se, that he was unconstitutional. They didn't say that. It was one of the reasons why he violated it. There were many others, too. Indeed. So how am I supposed to interpret Henry Donowitz? Except to say he violated the canon of judicial ethics, therefore he is removed. Correct. They discuss how he violated those judicial canons by committing fraud, by lying on his statement of candidacy, and by not complying. He was not qualified to be a judge. And what did they do? They removed him. They didn't say he was never a judge. True. I'm not sure that that would be within their purview to say. That's for, you know, your honors could say that, given. And the Supreme Court in the Goodman v. Ward case, the Supreme Court found that an individual who was planning to move to a particular judicial sub-circuit, but did not live in that judicial sub-circuit when he filled out his statement of candidacy, was not constitutionally qualified to be a judge. Because the Illinois Constitution requires, as one of the qualifications for judge, that one live within the unit which selects him. The court in Goodman, the Supreme Court in Goodman, held that a judicial sub-circuit is a unit, and when an individual signs a statement of candidacy claiming to live in one sub-circuit, when he does not, in fact, live there at that time, he is not qualified to be a judge. Counsel, you started to address this notion of de facto judge. Yes. And I think you were saying that, in your opinion, it does not apply here. Correct. Would you care to take that thought? Certainly. The crux of the de facto official doctrine is really aimed at preventing collateral challenges from third parties, from officious inter-meddlers, if you will. There are exceptions to the de facto official doctrine, which I do believe apply here. One is that Mr. Kelly was in a grieved party and has made a timely challenge to that official. And two, public policy here should not militate against invalidating Golowitz's judgments because he gained his office in violation of the Constitution in a manner threatening the basic objectives of the Constitution, which are to provide qualifications for those judges. Several courts have found that, including another Illinois appellate court, find that a public official acting without authority, because of their position as a public official, the resulting acts or judgments are void. And that goes to the second half of our argument on this point. As I was saying before, we argued both that there is a substantial showing of a constitutional violation and also that Mr. Kelly's conviction and sentence are void because of the fraud, because of Golowitz's fraud and that he was never actually cloaked with judicial authority. They cite a case from the Supreme Court in 1871. I don't want to go that far back. But then again in 1984, I think it was, they said, quote, the de facto doctrine springs from the fear of chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be opened to question and seeks to protect the public from ensuring basically disorder. Didn't they say that? I'm sorry, which case were you referring to? I'm sorry, the case is quoting U.S. versus Rider? Mm-hmm. And it's quoting from American jurisprudence. Yes, that's absolutely what the de facto official doctrine involves, but notably the Rider case involves individuals who were named, who were appointed to be judges in military courts. They were appointed in violation of the Appointments Clause of Article III of the Federal Constitution. And in that case, the United States Supreme Court held that the de facto official doctrine would not be applied in those cases and those judges' decisions, their judgments, would be invalidated because public policy could not support appointing judges in violation of the Appointments Clause of the Federal Constitution. Did Rider seem to differentiate attacks on constitutional provisions versus statutory provisions? I don't recall off the top of my head because that was discussing appointments done in violation of the Constitution. That's what we have here. We have a judge gaining and maintaining his seat by fraud. He's not constitutionally qualified. He lacks one of the three constitutional qualifications to be a judge, and he not only lacks it, he lies about it to gain and maintain that seat. So I think Rider is easily analogized to this case. Now, 1886, I mentioned before, I think that's Norton? Mm-hmm. Didn't they basically say that the acts of public officials acting under color of title, wasn't he doing that, are presumably valid? It's presumably valid, even though it is later discovered that the legality of that person's appointment or election to the office is deficient. Isn't that what we have here? Why can you make an exception? Well, we can make an exception just like the Supreme Court did in Norton. In fact, the Supreme Court in Norton, though, as you just said, they discussed the de facto official doctrine, they also held invalid the acts of the officials in that case who were appointed to a commission, were appointed to a commission that was created without constitutional authority. The Supreme Court held that public policy simply could not abide sustaining those decisions. I believe the issue there was the issuance of some bonds. They could not sustain those bonds. Those bonds were void because that commission was created and those individuals were placed on that commission without constitutional authority. And again, as here, we have a judge who lacks a constitutional qualification to be a judge and becomes a judge only by his own fraud because he has lied about that qualification. As we read from various cases, I call your attention to the language in Ryder which states as follows. And I ask for your interpretation. We decline to invoke the de facto officer doctrine in order to avoid assigning a question arising under Article 3 of the Constitution saying that the cases in which we had relied on that doctrine did not involve basic constitutional protections designed in part for the benefit of litigants. What does that mean? That's a good question. I believe the Court is saying that. Do you have Ryder with you? I'm sorry, I don't. Okay. And it would be much easier if I could read those words, I apologize. But I believe the Supreme Court there is saying that applying the de facto official doctrine in a situation where, in that case, individuals have been appointed without constitutional authority does not fit with public policy. We cannot have, we cannot abide, we cannot validate decisions, acts of officials who lack constitutional authority. And again, I would just say that the de facto official doctrine applies in the context of finding whether Golnowitz's judgments are void, whether Kelly's conviction and sentence are void. The alternative argument is that because he lacked that key constitutional qualification to be a judge, Kelly was deprived, he has made a substantial showing that he was deprived of a trial before he was convicted. Before a properly constituted tribunal. If there are no other questions, or any questions on the third issue, I'll stand on my brief on the third issue and reserve any remaining minutes for rebuttal. Thank you very much. Thank you. Good morning.  The first issue argued by counsel was addressed as a denial of the right to counsel of choice. The actual issue on appeal is ineffective assistance of appellate counsel for raising the issue of whether he was denied the right to counsel of choice. And in this case, there was nothing in the record for appellate counsel to see to raise that issue. Now, counsel again said perhaps appellate counsel should have gone out and gotten those records, but that was raised for the first time in the reply brief and was not the issue raised in the brief before this court. And in this case, the record clearly indicates, without any official finding, that what was happening here is you had a defendant who was facing natural life in prison. He was out on bond, free to go about his business. This case had been in the system for three years. He had had two public defenders and two private attorneys. And on the day it was set for trial, allegedly another attorney showed up to represent him. At this point, enough was enough. It was time to proceed with the case. It was a very simple case. It was not a complicated case. You did not need to bring in a throng of witnesses for this case, and the judge saw it was for what it was and denied that request. Moving on to the other issue raised here today. This case is the exact case that the de facto officer doctrine is designed for. What we had here was a duly elected judge whose election was certified, who was sworn, who took to the bench, whose authority was submitted to day in and day out for years by people who believed that he was a judge. There was no problem with jurisdiction in this case. There was no problem with him exceeding his authority to hear this case and impose the conviction and sentence that he did. But he did lie on his application. Yes, he did. And had he told the truth, he would not have been sitting on the bench as a judge, probably. Is that correct? He wouldn't have been on the ballot to be elected. Now, perhaps he would have saw it a different way. Remember, the Supreme Court had appointed him and recalled him three times. Perhaps he would have been reappointed. But that really is irrelevant. The bottom line is, in this case, yes, he did lie. No, he did not live in the sub-circuit he said he was going to. We are not here to defend the actions of this person. So the Constitution requires it? Not the statute, but the Constitution. The Constitution, it has a residency requirement. And instead of delving into that issue of residency, the de facto officer doctrine takes care of this issue cleanly and simply. Is there, in your mind, a distinction to be made between a tax on constitutional provisions versus those of statutory nature? Yes. Does Ryder speak to that? Are you familiar with that? I am familiar with Ryder. Ryder is a unique case. It was a timely challenge in that he raised the issue during the trial itself. And they spoke about it. And it had to do with the appointment clause. And the United States Supreme Court, in analyzing that clause and that clause, only said, in this case, with this timely challenge, we're not going to apply the de facto doctrine here. We're going to allow him to bring his claim forward. Didn't they also say where constitutional attacks are at hand, we're not going to apply? No, it was talking about the appointment clause only in that case. It was limited to that. And in Illinois, our Illinois Supreme Court has specifically addressed eligibility issues in that Rush case from 1928, which actually is a pretty interesting case, not identical to this. But what it was, you had two women who were appointed. One was an election judge. One was a clerk. And in their positions, they did things that were wrong. And they were charged with contempt. And at time of sentencing, they said, oh, wait a minute, we can't be found guilty of anything in sentence because we're women. And this appointment was for men only. So, therefore, we're not eligible for this. And the court said, you know what, you were appointed to this position. You undertook the duties of the position. We all thought that you were doing what you were supposed to be doing. And we're not going to allow you to rely on that eligibility requirement to prevent justice being done in this case for what you've done wrong in that capacity. Analogizing that to this case, we had a judge who was elected. The election was certified. He was sworn in. He came into court every day, and people stood before him every day for years. And everybody believed that he was a judge. And this is exactly what the de facto doctrine is for. If the court had jurisdiction, which it did, personal, subject matter, he didn't exceed his authority, there was nothing else wrong here. The de facto officer doctrine applies here. And his orders should be given de facto validity. Unless there are any other questions that this court has, Do people request that you affirm the dismissal of this post-conviction petition? I'm not quite sure I understand when you say there was nothing else wrong here. Well, he had subject matter jurisdiction. It was a criminal case. He had personal jurisdiction. The defendant appeared. He didn't exceed his authority in finding him guilty of the offense that he was charged with or in sentencing him to a sentence that was possible. And shy of anything else, there's nothing else that has been alleged that was improper in this case. The fact that he was ineligible for this position should not void his decision in this case. Finding the order void is a drastic measure, a drastic measure. And when we have someone here who is qualified in every other way and acted properly in every other way, the de facto officer doctrine gives this court the ability to affirm those orders. It is drastic. It is drastic because it's not just this case. Which is more drastic, this possible outcome that you argue against versus a lifetime of incarceration based upon a void judgment? It's not a void judgment, and it's a lifetime of incarceration. Well, I think that's something that is yet to be decided. The court did not lose jurisdiction based upon the person who was sitting in the bench. The court had jurisdiction over this case. There was nothing else wrong with this trial. And in terms of the drastic measure, as I stated, we're not just talking about this one case. We have a de facto officer doctrine for a reason. It's to protect the system. It's a practical doctrine. It's firmly established here in the state of Illinois. It's a safeguard for this type of situation because we have a system made up of people, people who do things that are wrong. And it gives a court an opportunity to affirm what is right. You didn't answer my question. And your question again, I'm sorry. Which is the more drastic outcome? A ruling which is adverse to your position versus a lifetime of incarceration for one who is incarcerated because of a void judgment? Well, my answer was is that the judgment is not void. And he's incarcerated. So that's your answer to my question? Correct. It's not a void judgment. Okay. And he has failed to point to anything else that went wrong with his case that would make this an injustice to him, other than the fact that the person sitting on the bench was ineligible to sit there, even though everybody thought that he was. And unless there are any other questions? I think, again, Chief Justice Rehnquist addressed the ends justified by the means theory or no harm, no foul, as you may be arguing. I think he addressed that in Rider as well. Well, and the chaos that would result from this, that we as a society should be able to rely on certain things. How ironic that there was an element of void in the case that you heard before this one. The chaos that follows this idea that something that we all relied upon, that we all thought was true, that now it's not true and everything that person did is now void. Chaos. Absolute chaos. And the person who's sitting in jail or was in jail says that that judge shouldn't have been the judge in the first place, but he sent me to jail facts a number of years. And he sent him to jail based on facts in which he was found guilty beyond a reasonable doubt in a court that had jurisdiction over the subject, over the person, and in which there is no other problem with the conviction. And that's why there is a de facto officer doctrine. To hold valid those decisions by people that we believe are who what they purported to be. Thank you, Counsel. Thank you. Just a few brief points for your honors. Regarding the ineffective assistance of appellate counsel, in an appeal from a second stage post-conviction proceeding, we must take the allegations and the evidence supporting those allegations as true, unless they are positively rebutted by the record. Any credibility determinations are premature. They can only be made at an evidentiary hearing. So any complaints about the evidence supporting Mr. Kelly's claim that he was deprived of counsel of his choosing in his trial and that appellate counsel engaged in ineffective assistance in failing to raise that undirect appeal are premature. So at least an evidentiary hearing is required for that. Nothing is positively rebutted by the record. Those allegations are not positively rebutted by the record. If there are any questions, I'm happy to answer them. With that, I submit this case for your decision. Thank you. Let me once again thank both of you for excellent briefs and excellent oral arguments. We'll take this matter in advisement, and we'll get back to you shortly in this course of recess.